THOMAS I. MOTTER AND WEST SUBURBAN HOSPITAL FOR THE USE OF F. W. WINKLER

*v.*

STATE OF ILLINOIS.

*Opinion filed January 19, 1921.*

NON-LIABILITY OF STATE—*the State is not liable for the torts, wrongs or negligence of its employees.*

SOCIAL JUSTICE AND EQUITY—*when claimant entitled to an award.* Under the facts proven, while no legal liability exists against the State, but upon principles of equity and social justice claimant is entitled to an award for expenses incurred for hospital care and medical aid furnished.

Edward J. Brundage, Attorney General, for State.

There is no dispute about the facts in this case. They show that one F. W. Winkler, an inspector of the Division of Game and Fish, of the Department of Agriculture of the State of Illinois, while driving an automobile belonging to the State, and in the performance of his duties as such inspector, struck and injured one Sam Slutsky, a youth of approximately 14 years. The accident happened in the city of Chicago. It appears that Winkler was complying with the law in all respects as to the control of his car when he struck Slutsky, and that the latter, who jumped from a moving street car in front of him, was at fault, if fault lay anywhere. Winkler took the boy to a hospital and arranged for hospital care and medical aid and attendance for him, and it is for the amount of the charges for these services that this claim is presented. The accident happened on June 4th, 1920, and the boy was in the hospital 36 days. It appears that the charges are reasonable, the injury having consisted of a fractured leg.

The Court is of the opinion that the facts in this case do not show a ground of legal liability on the part of the State. However, the act and conduct of the State's agent in looking after the injured was commendable, and the State taking this view, interposes no objections to allowance of this claim. And the Court upon the principals of equity and social justice for the furtherance of which it was created, considers the claimants entitled to an award of the amount sought. Wherefore, we award the claimants, Thomas I. Motter and West Suburban Hospital for the use of F. W. Winkler, the sum of two hundred ninety-seven and 22/100 ($297.22) dollars, and direct that one hundred fifty ($150.00) dollars of that sum be paid to said Thomas I. Motter, and one hundred forty-seven and 22/100 ($147.22) dollars of that sum be paid to said West Suburban Hospital.